UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRENDA EDWARDS,

        Plaintiff,

v.

                                            Case No. 08-12146

STANDARD FEDERAL BANK, N.A., et al.      Honorable Julian Abele Cook, Jr.

        Defendants.


ORDER

On May 16, 2008, the *pro se* Plaintiff, Brenda Edwards,[1] filed a complaint[2] that was ostensibly designed to quiet the title to her residence in Detroit, Michigan, contending that the Defendants[3] acted illegally and in concert with each other in an effort to defeat the interests in her home.[4] In the complaint, Edwards charges the Defendants with (1) the breach of an agreement, (2) participating in a fraudulent concealment, (3) committing fraud in the factum, (4) executing "non-

---

[1] Edwards writes in her complaint that she is "Not an Attorney, not Pro Se, Not Re-presenting myself." Notwithstanding her implied suggestion that she has the assistance of an attorney in this case, and noting that no one has filed an appearance on behalf of Edwards as of this date, the Court has treated her as a *pro se* litigant in this matter.

[2] The contentions by Edwards in her complaint, though replete with references to cases and statutes, are largely incomprehensible.

[3] In her complaint, Edwards has identified the Standard Federal Bank, N.A., the ABN AMRO Mortgage Group, Inc. ("AAMG"), the LaSalle Bank, N.A., and the law firm Trott & Trott, P.C., as well as two of its attorneys as the Defendants in this legal proceeding.

[4] Edwards appears to have averred that, in exchange for a loan of monies by AAMG, she agreed to secure this financial obligation with a mortgage on her home.

bonafide signatures and original promissory note," and (5) perpetrating a fraud upon her. Believing that the Defendants' claimed misconduct has severely jeopardized the legal stability of the title to her home, she asks the Court to (1) discharge her loan with the Defendants, (2) grant her a deed to the property that had been sold to the LaSalle Bank at a sheriff's sale, and (3) award her "exemplary, compensatory damages and punitive damages" in the amount of $75,000,000.

On June 3, 2008, the Defendants filed separate motions to dismiss this case, with each movant contending that Edwards had failed to state a claim upon which relief can be granted.[5] Fed. R. Civ. P. 12(b)(6).[6] On July 28, 2008, Edwards filed an untimely response in which she reiterates her basic contention that the Defendants had not fulfilled their contractual obligations which, in essence, invalidates the legality of the mortgage.

I.

On January 9, 2004, Edwards entered into an agreement with the AAMG, in which she (1) received a check in the amount of $68,495.00, and (2) agreed to make payments in regular installments that would be credited toward the principal and interest of her loan. Edwards also agreed to grant a mortgage upon her home (2940 Clairmount Street, Detroit, Michigan) in favor of

---

[5]The Defendants' dispositive motions are two fold; namely, one by those Defendants who can be logically categorized as banking and mortgage institutions (i.e., the Standard Federal Bank, the AAMG, and the LaSalle Bank); and the remaining Defendants (i.e., the Trott & Trott law firm and the two attorneys who are associated with this law firm). However, for the purposes of simplification in the submission of this order, and in the absence of any statement to the contrary, the Court will refer to one dispositive motion as having been filed by "the Defendant Banks." The other dispositive motion will be identified as a dispositive motion by "the Defendants Trott."

[6]Fed. R. Civ. P. 12(b)(6) states, in pertinent part: ". . . a party may assert the following defense[] by motion: . . . failure to state a claim upon which relief can be granted . . . ."

the AAMG as security for the loan.[7] On November 15, 2007, the LaSalle Bank purchased Edwards' property at a sheriff's sale.[8]

## II.

When reviewing motions to dismiss, district courts must "construe the complaint in the light most favorable to the nonmoving party" and accept all factual allegations as true. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). Although specific factual allegations are not necessary, the complaint must nevertheless put the defendant on notice as to the nature and the grounds upon which the claims are based. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 550 U.S. ____ (2007)).

Moreover, all pleadings that are submitted by *pro se* litigants are to be liberally construed by the court. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Notwithstanding, these *pro se* complaints must satisfy basic pleading requirements because "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Id.* at 714 (citing *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)). With these pleading foundations in mind, the opponents to such *pro se* pleadings should be granted a dismissal of the claims only if "it appears beyond doubt that the [proponent] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

---

[7]This mortgage was subsequently transferred to another Defendant, LaSalle Bank, on October 15, 2007.

[8]The statutory six month redemption period expired on May 15, 2008.

As a preliminary matter, the Court notes that in filing their motion to dismiss, the Defendant Banks attached several exhibits to their pleading; namely (1) a copy of Edwards' mortgage, (2) a copy of the document in which the AAMG assigned its rights under the mortgage to the LaSalle Bank, (3) a copy of the sheriff's deed, and (4) a decision from another court within the Eastern District of Michigan that is purportedly apposite to the issue in this case.

The Sixth Circuit has held that "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commer. Money Ctr., Inc.*, 508 F.3d at 335. (citing Fed. R. Civ. P. 10(c)). Moreover, if the pleadings make reference to a document, and it is "integral to the claims," a court may consider it when evaluating a motion to dismiss without having to convert the petitioner's formal request to one for a summary judgment. *Id.* at 335-36. (citing *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999)). Finally, any documents that are public records may also be considered by a court when deciding a motion to dismiss without converting it into one for a summary judgment. *Commer. Money Ctr., Inc.*, 508 F.3d at 336.

The Court has construed Edwards' complaint as containing assertions that she (1) was induced into signing a fraudulent promissory note and mortgage, (2) was paid with currency not backed in gold or silver, and (3) is the legitimate owner of a parcel of realty on Clairmount Street in Detroit "pursuant to recorded deed with the Wayne County Register of Deeds." Finally, it is Edwards' contention that the Defendants are "threatening to take possession of [her] property and will [do the] same on or about May 1, 2008."

The signed mortgage document, the instrument which purportedly reflects the transfer of interest from the AAMG to the LaSalle Bank, and the sheriff's deed are all relevant when

4

attempting to determine if Edwards' claims in this case have any merit. In addition, the appended case from this District is "a public record and was offered not to establish any disputed facts, but to incorporate the arguments articulated in an analogous situation." *See Commer. Money Ctr., Inc.*, 508 F.3d at 336 (defendant's submission of an amicus brief as an attachment to its motion held to be a public record and appropriate for consideration in ruling on a motion to dismiss). Therefore, the Court has considered the Defendant Banks' exhibits in deciding their motion to dismiss without having to convert it into one for summary judgment.

### III.

In support of their motion to dismiss,[9] the Defendant Banks submit that Edwards' allegations – like those of many other plaintiffs before her – are "attempts to defeat legitimate claims and obligations." In their brief,[10] the Defendant Banks cite numerous Sixth Circuit Courts of Appeals cases that, in their opinion, have resoundingly rejected arguments like those which have been propounded here by Edwards.

The Sixth Circuit has held that those claims, in which the proponent asserts that paper money does not have value because it is not backed by either gold or silver contained in the banks'

---

[9] The Court notes that in their motion, the Defendant Banks aver that "the Plaintiff did not make *his* monthly payments after May *2003*." (emphasis added). However, the record in this cause indicates that the mortgage was not signed until 2004. Although the sheriff's deed, which had been included as an exhibit in the Defendant Banks' dispositive motion, indicates that Edwards had defaulted on her loan, neither party has provided the Court with the exact date when she stopped making the requisite periodic payments.

[10] The Court notes that the Defendant Banks have referred to Edwards throughout their motion by using the incorrect pronoun ("he" instead of "she"), and that some of the language which was included in their motion is also found in the attached Eastern District of Michigan case. As the Court noted in footnote 9, *supra*, the Defendant Banks also claimed that Edwards stopped making payments in May 2003, though the promissory note was signed in 2004.

5

vaults are "clearly frivolous." *United States v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976) (citing *United States v. Daly*, 481 F.2d 28, 30 (8th Cir. 1973)). Similar suits by other plaintiffs who contend that their wages were not paid in real money have also been rejected. *See*, *e.g. Jones v. Commission of Internal Revenue*, 688 F.2d 17, 18 (6th Cir. 1982) (plaintiff's claims that "his wages were paid in 'depreciated bank notes' not backed by gold or silver" are without merit). More recently, another court in the Eastern District of Michigan held that the allegations of a debtor, who argued that his obligation was invalid because of the manner in which the banks create money, were "patently meritless" and subject to dismissal for his failure to state an actionable claim. *Carrington v. Fannie Mae*, 2005 U.S. Dist. LEXIS 31605 at *6-8 (E.D. Mich. November 29, 2005).

Here, Edwards asserts that she has been wronged by the Defendant Banks because they did not loan her "real money." However, her claims, which are quite similar to the above-cited decisions in *Whitesel, Daly, Jones* and *Carrington*, are not supported by case law or statute. On the other hand, the Defendant Banks have provided the Court with a wealth of citations to cases that severely undermine Edwards' allegations. Under these circumstances, the Court must, and does, dismiss her claims against the Defendant Banks because of her failure to state a claim upon which relief can be rendered.

IV.

The Court now turns to Edwards' assertion that the Defendants Trott participated (along with the Defendant Banks) in fraudulently inducing her to accept a loan with worthless currency. However, it is the position of the Defendants Trott that they have been included as litigants in this lawsuit only because they served as the counsel to the LaSalle Bank when it purchased Edwards' mortgaged property at a sheriff's sale. Moreover, the Defendants Trott submit that, inasmuch as

6

their only role in this case was to act as the attorneys for the LaSalle Bank, they do not have any fiduciary obligations to Edwards which, in turn, mandate the dismissal of her claims under Fed. R. Civ. P. 12(b)(6).

The duties owed to a client by an attorney are not the "functional equivalent of a duty of care owed to the client's adversary." *Friedman v. Dorzoc*, 312 N.W.2d 585, 591 (Mich. 1981). Furthermore, courts have been reluctant to allow actions by third parties against attorneys, who were engaged in the representation of their clients, because of "the potential for conflicts of interest that could seriously undermine counsel's duty of loyalty to the client." *Beaty v. Hertzberg & Golden, P.C.*, 571 N.W.2d 716, 720 (Mich. 1997) (citing *Friedman*, 312 N.W.2d at 585).

In the case at bar, the only apparent nexus between the Defendants Trott and this litigation is the law firm's role as the counsel for the LaSalle Bank at the sheriff's sale of the mortgaged property. The only mention by Edwards of the Defendants Trott occurs when she claims that this law firm was the "custodian and [] agent[]," debt collector, and "attorney-in-fact by assignment" of the LaSalle Bank. Notwithstanding these generalized allegations, Edwards has failed to set forth a specific claim upon which relief can be granted as it relates to the Defendants Trott. There is nothing in the record that would suggest that this law firm or its named associates have or ever had any fiduciary obligations to Edwards. Thus, the Defendants Trott should not be subject to any claims of liability for Edwards' alleged injuries because they represented their client in this litigation. Therefore, the Court must, and does, dismiss Edwards' claims against the Defendants Trott.

V.

For the reasons that have been stated above, the Court grants the motions to dismiss that

have been filed by the Defendant Banks and the Defendants Trott.

    IT IS SO ORDERED.

Dated: January 14, 2009           s/Julian Abele Cook, Jr.
    Detroit, Michigan           JULIAN ABELE COOK, JR.
                                   United States District Court Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant Brenda Edwards on January 14, 2009.

                                                                                 s/ Kay Alford
                                                                                 Case Manager